IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Mark Bowen, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION TO DISMISS STRICT** |
| vs. | ) | **LIABILITY CLAIM** |
| | ) | |
| | ) | Case No. 1:19-cv-74 |
| Pioneer Drilling Services, LTD, and | ) | |
| Whiting Oil and Gas Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Pioneer Drilling Services' Rule 12(b)(6) motion to dismiss the strict liability claim against it filed on May 23, 2019. See Doc. No. 13. Plaintiff Mark Bowen ("Bowen") filed a response in opposition to the motion on June 24, 2019. See Doc. No. 21. Defendant Pioneer Drilling Services ("Pioneer Drilling") filed a reply brief on July 3, 2019. See Doc. No. 23. For the reasons set forth below, the Defendant's motion is granted.

I.  **BACKGROUND**

This case arises from a personal injury action in which Plaintiff Mark Bowen asserts claims of negligence and strict liability against Defendants Pioneer Drilling Services, LTD, and Whiting Oil and Gas Corporation ("Whiting Oil"). According to the complaint, Bowen was an employee of Heller Casing on January 27, 2018, when he was injured at a well site, located near Keene, North Dakota. Bowen alleges Heller Casing was contracted by either or both Pioneer Drilling and Whiting Oil to clean and prepare 7-inch casing for the oil well site where Bowen's injuries occurred.

1

The complaint notes the casing pipe Bowen worked on was lying on racks to keep the piping out of the dirt and mud; the pipe racks stand approximately 3-1/2 to 4 feet high. Bowen alleges the racks are required to have a stop in place to prevent the piping from rolling off. According to the complaint, when the accident occurred, Bowen and another employee were preparing and cleaning the last piece of casing to go down hole on the oil well site. Bowen states the pipe stop was not in place or was missing and, as a result, the last pipe dropped off the rack, landed on Bowen, and caused his injuries, which include a fractured pelvis and femur.

Bowen asserts causes of action for negligence and strict liability against both Pioneer Drilling and Whiting Oil. Bowen asserts Pioneer Drilling and Whiting Oil were operating on ultra-hazardous property and had an absolute duty to ensure his safety. Whiting Oil has filed an answer to Bowen's complaint. Pioneer Drilling now moves to dismiss Bowen's strict liability claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## II.  STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must show that success on the merits is more than a "sheer possibility." Id. A complaint is sufficient if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must

accept all factual allegations as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Id. at 681. Detailed factual allegations are not necessary under the Rule 8 pleading standard, rather a plaintiff must set forth grounds of its entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders a naked assertion devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (2009). The determination of whether a complaint states a claim upon which relief can be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling plaintiff to relief. Ulrich v. Pop Cnty, 715 F.3d 1054, 1058 (8th Cir. 2013).

### III. **LEGAL DISCUSSION**

Pioneer Drilling contends North Dakota law does not recognize a claim for strict liability for ultra-hazardous activity. Bowen contends a claim for strict liability for ultra-hazardous activity remains an open question under North Dakota law.

This Court has rejected causes of action based on strict liability for ultra-hazardous activity, and North Dakota law does not recognize a claim for strict liability for abnormally dangerous, ultra-hazardous, or extra-hazardous activities. See Meyer v. McKenzie Elec. Cooperative, Inc., No. 1:16-CV-365, 2018 WL 4702150, at *5 (D.N.D. Oct. 1, 2018), aff'd, 947 F.3d 506 (8th Cir. 2020) ("This Court has previously rejected causes of action based on strict liability for extra-hazardous activity as North Dakota has not yet decided whether to adopt a cause of action for strict liability for ultra-hazardous or abnormally dangerous activities."); Lowder v. Slawson Exploration

Co., No. 4:14-CV-17, 2014 WL 4352182, at *1 (D.N.D. Sept. 2, 2014) ("North Dakota law does not recognize a claim for strict liability for abnormally dangerous activities."); Armes v. Petro-Hunt, LLC, No. 4:10-CV-78, 2012 WL 1493740, at *3 (D.N.D. Apr. 27, 2012) (noting the North Dakota Supreme Court has yet to hold an action for an injury allegedly caused by a hazardous or dangerous worksite is not viable); Branum v. Petro-Hunt Corp., No. 4:09-CV-035, 2010 WL 1977963, at *5 (D.N.D. Mar. 15, 2010) ("North Dakota has not yet adopted a claim premised upon abnormally dangerous activity.") (Report and Recommendation by Magistrate Judge Miller, adopted by District Judge Hovland); Mehl v. Canadian Pac. Ry., Ltd., 417 F. Supp. 2d 1104, 1118 (D.N.D. 2006) ("The North Dakota Supreme Court has given no indication that it would adopt strict liability for ultrahazardous or abnormally dangerous activities.").

Bowen argues dismissal is inappropriate because the North Dakota Supreme Court has demonstrated its receptiveness to strict liability for ultra-hazardous activities. However, Bowen's argument was previously rejected by this Court in *Lowder*. The plaintiff in *Lowder* argued the same issue, and the claim was dismissed because this Court has rejected causes of action based on strict liability for ultra-hazardous activity due to the nonexistence of the claim under North Dakota law. Lowder, No. 4:14-CV-17, 2014 WL 4352182, at *2 (D.N.D. Sept. 2, 2014). Additionally, this Court has found oil drilling activities do not necessarily qualify as ultra-hazardous. Id. In *Lowder*, the Court found it doubtful the activity "of providing mud for oil drilling operations" qualified as an ultra-hazardous activity. Id. In *Branum*, the Court stated the discussion around strict liability in oil well drilling may be "academic" because it appears doubtful that oil well drilling would not be "abnormally dangerous" given the enhanced recovery techniques, the prevalence of oil well drilling, and the importance of oil and gas as an energy source. Branum, No. 4:09-CV-035, 2010 WL 1977963, at *5 n.1 (D.N.D. Mar. 15, 2010). The Court finds, since

4

the State of North Dakota does not recognize a claim for strict liability for ultra-hazardous activity, Bowen fails to state a claim upon which relief can be granted.

IV. **CONCLUSION**

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. For the reasons set forth above, Pioneer Drilling Services' motion to dismiss the strict liability claim against it (Doc. No. 13) is **GRANTED.**

**IT IS SO ORDERED**

Dated this 25th day of February, 2020.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court