IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Mark Bowen, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING PART AND DENYING IN** |
| | ) | **PART MOTION TO QUASH** |
| vs. | ) | |
| | ) | |
| Pioneer Drilling Services, LTD, | ) | Case No. 1:19-cv-074 |
| and Whiting Oil and Gas, | ) | |
| | ) | |
| Defendant. | ) | |

This action arises out of injuries allegedly sustained by plaintiff on January 27, 2018, while working at a well site located near Keene, North Dakota. Plaintiff was employed at the time by Heller Casing, Inc. ("Heller"), a non-party.

On March 31, 2021, defendants served Heller with a subpoena duces tecum seeking production of certain documents pertaining to plaintiff's employment with Heller as well as personnel records of other Heller employees present at the incident out of which plaintiff's claims arise.

On April 16, 2021, Heller filed a Motion to Partially Quash Subpoena. It objects to the production of plaintiff's medical records, drug testing records, worker's compensation records, and personnel file in the absence of plaintiff's consent. It further objects to the production of the personnel files of its other employees.

On April, 30, 2021, defendants filed a response to Heller's motion. First, they advise that plaintiff does not object to the production of Heller's production of his personnel file as evinced by a letter from plaintiff's counsel that they have attached to their response. Next, they note that plaintiff has executed authorizations for the disclosure of certain medical records and employment

1

records.  Finally, they agree to withdraw their request for the personnel files of Heller employees other than plaintiff.

Attached to defendants' motion is a letter, dated April 22, 2021, in which plaintiff's counsel advises that his office consents to Heller's disclosure of plaintiff's personnel file to defendants. (Doc. No. 51-1).  Also attached to the defendants' motion are documents captioned "Authorization for the Release of Employment, Payroll, and Personnel File(s), Records and/or Information" and "Authorization for Disclosure of Medical Information" that were executed by plaintiff on October 13, 2020.  (Doc. Nos. 51-1 and 51-2).  These documents evince that plaintiff has authorized the release of his personnel file, workers' compensations records, and related medical records.

As defendants have withdrawn their request for records of Heller employees other than plaintiff, it does not appear there is any obstacle to the production of the information requested by defendants' in their subpoena duces tecum.  Accordingly, the court **GRANTS IN PART AND DENIES IN PART** Heller's Motion to Partially Quash Subpoena (Doc. No. 49).  Heller shall produce all documents it has identified as relating to plaintiff but has to date withheld.  Heller need not produce any personnel records for any of its other employees.

**IT IS SO ORDERED.**

Dated this 3rd day of May, 2021.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court